UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALEX C. SNELSON, | 3:13-cv-00456-RCJ-VPC |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| WASHOE COUNTY DETENTION FACILITY, *et al.*, | **OF U.S. MAGISTRATE JUDGE** |
| Defendants. | June 30, 2014 |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendant Washoe County Detention Facility's motion to dismiss (#12)[1] and defendants Shearer, Huynh, Avina and Petit's motion for a more definite statement (#13). Plaintiff subsequently filed an amended complaint (#17).[2] The court has thoroughly reviewed the record and recommends that the action proceed on plaintiff's amended complaint and defendants' motions be denied as moot.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Alex C. Snelson ("plaintiff"), a *pro se* inmate, is currently incarcerated at Washoe County Detention Facility ("WCDF") (#17). Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, setting forth vague allegations against four defendant WCDF officers regarding not receiving a diet that complied with his religious beliefs and obligations in violation of his First

---

[1] Refers to the court's docket numbers.
[2] Also before the court is defendants' motion to strike the amended complaint (#18).

Amendment rights (#3). On March 18, 2014, defendant WCDF filed a motion to dismiss on the basis that WCDF is a physical building and not an entity that may be sued (#12). Also on March 18, 2014, defendants Deputy Christopher Shearer ("Shearer"), Deputy Howard Huynh ("Huynh"), Deputy Joseph Petit ("Petit"), and Sergeant Armando Avina ("Avina") filed a motion for more definite statement (#13). Plaintiff did not respond directly to either motions. Instead, on May 7, 2014, he filed an amended complaint (#17).

## II. DISCUSSION

The court is mindful that plaintiff is an inmate proceeding *pro se*. "In civil cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). While plaintiff did not seek leave to file an amended complaint, he has amended his complaint to attempt to address the complained-of deficiencies. Thus, in the interest of judicial efficiency, the court will review the amended complaint.

Because plaintiff is proceeding *in forma pauperis* (*see* #s 1, 6), the court evaluates his amended complaint pursuant to 28 U.S.C. § 1915. Section 1915 provides: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d

443, 447 (9th Cir. 2000) (citation omitted).  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  However, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).  At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

42 U.S.C. § 1983 creates a cause of action allowing a plaintiff to enforce federal rights created by the Constitution or federal statute.  *See Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).  "To sustain an action under Section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Wood v. Ostrader*, 879 F.2d 583, 587 (9th Cir. 1989).  Section 1983 does not provide a cause of action for violations of state law.  *See Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

In his amended complaint, plaintiff now names as defendants only the four WCDF officers: Shearer, Huynh, Petit and Avina (#17, p. 1).  Plaintiff alleges that he is a sincere and actively

practicing pagan (satanist). *Id*. at 3-4. He endeavors to rigidly follow the dietary restrictions of the Church of Light. *Id*. The WCDF chaplain had approved a religious diet for plaintiff. On August 9-10, 2013, defendants Shearer and Huynh refused to provide plaintiff with his approved religious diet. *Id*. at 5-6. Thereafter, the four defendants falsely accused plaintiff of "receiv[ing] foods that were outside of [his] religious dietary guidelines" and terminated plaintiff's religious diet without consulting the chaplain. *Id*. at 7. Defendants thereby violated plaintiff's First Amendment rights to free exercise of religion as well as his rights under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). *Id*.

With respect to the First Amendment, convicted prisoners do not lose their constitutional right to freely exercise their religion by virtue of their incarceration. *Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972). However, "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights . . . ." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (quoting *Price v. Johnston*, 334 U.S. 266, 285 (1948)). A prisoner's right to freely exercise his or her religion is necessarily limited by incarceration, and may be curtailed to achieve legitimate correctional goals or to maintain prison security. *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (per curiam).

To merit protection under the Free Exercise Clause, a prisoner's religious claim must satisfy two basic criteria. *Callahan v. Woods*, 658 F.2d 679, 683 (9th Cir. 1981). First, the prisoner's proffered belief must be "sincerely held." *Id*. Second, the claim must be "rooted in religious belief"—not in "purely secular" philosophical concerns. *Id.; see Shakur v. Schriro*, 514 F.3d 878, 885 (9th Cir. 2008) (sincerity test set forth in *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994) and *Callahan*, 658 F.2d at 683, determines the applicability of the Free Exercise Clause).

Even if a prison regulation impinges on an inmate's constitutional rights, the regulation is nevertheless valid if it is reasonably related to legitimate penological interests. *Shakur*, 514 F.3d at

883-84 (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Under *Turner*, the court must balance four factors to determine whether a prison regulation is reasonably related to legitimate penological interests: (1) whether there is a "valid, rational connection" between the prison regulation and the legitimate governmental interests put forward to justify the regulation; (2) whether prisoners retain "alternative means of exercising the right" at issue; (3) the impact the requested accommodation will have upon inmates, prison staff and the allocation of prison resources generally; and (4) whether there are easy alternatives to the regulation which could be implemented at a minimal cost to legitimate penological interests. *See Shaw v. Murphy*, 532 U.S. 223, 229 (2001); *Turner*, 482 U.S. at 89-91. In evaluating a free exercise claim, courts must give appropriate deference to prison officials, *O'Lone*, 482 U.S. at 349, because "the judiciary is 'ill-equipped' to deal with the difficult and delicate problems of prison management." *Thornburgh v. Abbot*, 490 U.S. 401, 407-08 (1989) (citation omitted).

With respect to RLUIPA, that statute provides in relevant part:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person: (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). Thus, RLUIPA mandates a stricter standard of review for prison regulations that burden the free exercise of religion than the reasonableness standard articulated in *Turner*. *Greene v. Solano County Jail*, 513 F.3d 982, 986 (9th Cir. 2008) (citations omitted).

To establish a RLUIPA violation, the plaintiff bears the initial burden of proving that the defendants' conduct imposed a "substantial burden" on his "religious exercise." *Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005). Once the plaintiff establishes a substantial burden on

-5-

his religious exercise, defendants must prove that the burden both furthers a compelling governmental interest and is the least restrictive means of achieving that interest. *Id.* at 995.

With his allegations that defendants baselessly terminated plaintiff's approved religious diet, plaintiff states colorable First Amendment and RLUIPA claims against defendants. Accordingly, the court recommends that this action should proceed on plaintiff's amended complaint. Therefore, former defendant WCDF's motion to dismiss (#12) should be denied as moot, and defendant officers' motion for a more definite statement (#13) should be denied as moot. Defendants' motion to strike the amended complaint (#18) should also be denied.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that in his amended complaint plaintiff states claims against the four defendants for violations of his First Amendment rights as well as his rights under RLUIPA. Thus, the amended complaint should proceed, and defendants' motion to strike the amended complaint (#18) should be denied. Both defendants' motion to dismiss (#12) and motion for a more definite statement (#13) should be denied as moot.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's amended complaint (#17) **SHALL PROCEED** as set forth in this order.

**IT IS FURTHER RECOMMENDED** that defendants' motion to strike amended complaint (#18) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that defendant WCDF's motion to dismiss (#12) be **DENIED** as moot.

**IT IS FURTHER RECOMMENDED** that defendants' motion for a more definite statement (#13) be **DENIED** as moot.

DATED: June 30, 2014.

*[signature]*

UNITED STATES MAGISTRATE JUDGE